Glenda BUTLER, etc., et al., Plaintiffs,

v.

FRINGE BENEFITS PLAN, INC., et al., Defendants.

Civ. A. No. 88–AR–5516–NW.

United States District Court,
N.D. Alabama,
Northwestern Division.

Dec. 29, 1988.

Michael J. Bernauer, Florence, Ala., for plaintiffs.

J. Michael Tanner, Tuscumbia, Ala., for defendants.

## MEMORANDUM OPINION

ACKER, District Judge.

Glenda Butler and Ira Butler, plaintiffs in the above-entitled cause, as parents and next friends of their minor son, seek a remand of the case to the Circuit Court of Colbert County, Alabama, from which it was removed by two of the four original defendants. The removing defendants, Tom Jones Insurance, Inc., and Samuel T. Taylor, claim that even though plaintiffs nowhere expressly invoked the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* (ERISA), they are, in fact, claiming benefits of the other two defendants under an employee benefit plan, thus providing original federal jurisdiction under ERISA as well as thus preempting the allied claims brought against the removing defendants under Alabama state law. Tom Jones Insurance and Taylor have filed a motion to dismiss based on their contention of ERISA preemption. Both pending motions turn on basically undisputed procedural facts.

### Pertinent Facts

At a time when Glenda Butler had family medical coverage written by Aetna, a new group medical benefit plan became available through her employer. She was approached by defendant, Taylor, an agent for defendant Tom Jones Insurance. He wanted to sell her on this great new plan. She avers that she made it plain to Taylor that she was quite satisfied with Aetna. She says that Taylor, nevertheless, convinced her to cancel Aetna's coverage and to switch to the new employer group coverage underwritten by defendant, Southeast Independent Business Association's Health Benefit Trust, a medical insurance plan managed and administered by defendant, Fringe Benefits Plan, Inc. She further says that Taylor told her that this new coverage would be the same as the coverage she already had, the only difference being that the new plan would cost less.

Not long after obtaining her attractive new coverage, Butler made a claim for substantial medical expenses that she incurred in treating her child. The claim was denied by Fringe Benefits. Ostensibly, if she had kept her coverage with Aetna, the very same claim would have been paid. There is, or may be, a legitimate dispute

over the viability of Mrs. Butler's claim under the express terms of the insuring instrument. This is, however, not the issue here. Here, plaintiffs allege that Taylor, acting within the scope of his employment with Tom Jones Insurance, materially misrepresented facts about the proposed new coverage in violation of Alabama fraud and tort law and violated Alabama Code § 27–12–6, which makes it a statutory tort to induce a person to give up insurance with one company and to switch the person to new coverage by making misleading comparisons between the insurance policies. Mrs. Butler says in an affidavit that Taylor "assured me that I could get the same coverage with a reputable and solvent company while paying less in premiums."

Neither Fringe Benefits nor Southeastern Independent joined in the petition for removal. There are two good reasons for this conspicuous absence. One is that they were not served with a summons and complaint. The other is that they are in all likelihood defunct. As to both of these defendants, the minutes of the Clerk of the Circuit Court of Colbert County reflect as follows: "No service. Moved, left no address." These minutes are consistent with the fact that after the claim was denied but before the complaint was filed, Mrs. Butler received in the mail an "Important Notice" from the disappearing defendants, informing her:

> [T]he Southeastern Independent Business Association's Health Benefit Group Trust is discontinuing medical benefit coverage to its participants as of September 30, 1987. The plan and trust is being terminated because the cash reserves are inadequate to pay the claims due to participants.

The Butlers' complaint consists of three counts, each count invoking a principle of Alabama law that the removing defendants claim is ERISA "preempted," whatever "preempted" means in ERISA. *See Amos v. Blue Cross–Blue Shield of Alabama,* 681 F.Supp. 1515 (N.D.Ala.1988); *Jordan v. Reliable Ins. Co.,* 694 F.Supp. 822 (N.D. Ala.1988).

### Conclusion

If the Butlers were still pursuing Fringe Benefits and Southeastern Independent for a recovery of the benefits they were denied, this might properly be characterized by the removing defendants as an ERISA claim. Plaintiffs now expressly disclaim any intention of pursuing a claim for benefits against any ERISA-defined "administrator," or "fiduciary," or "plan." Rather, plaintiffs maintain that their sole intent is to pursue purely state law claims against Taylor and Tom Jones Insurance, claims that plaintiffs persuasively argue are not preempted by ERISA. The fact that ERISA was never expressly invoked loses any significance it might otherwise have had. Plaintiffs argue that the court, in an exercise of its discretion, should now remand the case to the plaintiffs' chosen forum. Plaintiffs are wise to give up any theoretical claim they might have had against two belly-up, dead-beat corporations. If ERISA trumps Alabama fraud, then the Bankruptcy Act would trump ERISA as to any claims plaintiffs might have against Fringe Benefits and Southeastern Independent. Without any possible viable federal claim remaining, the case should be remanded, even though initially the removal may have been provident.

Assuming *arguendo* that the removal-remand question should be viewed as if Fringe Benefits and Southeastern Independent were still parties defendant, there is in ERISA a so-called "preemption" clause and a so-called "savings" clause. The preemption clause, 29 U.S.C. § 1144(a), preempts any state law claim that "relates to employee benefit plans." *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987). According to the Supreme Court in *Dedeaux,* the savings clause, 29 U.S.C. § 1144(b)(2)(A), excepts from this preemption "laws that *regulate insurance.*" *Dedeaux,* 481 U.S. at 45; 107 S.Ct. at 1552 (emphasis supplied). If the Eleventh Circuit correctly interpreted *Dedeaux* in *Anschultz v. Connecticut General Life Ins. Co.,* 850 F.2d 1467 (11th Cir. 1988), Alabama Code § 27–12–6 would not meet the criteria for an exception from

ERISA preemption, especially since this particular Alabama statute does not purport to transfer or spread policyholder risk, the factor elevated to significance by *Anschultz*. The Alabama statute invoked here by the Butlers reads as follows:

§ 27–12–6. *"Twisting."*

No person shall make or issue, or cause to be made or issued, any written or oral statement misrepresenting or making misleading incomplete comparisons as to the terms, conditions or benefits contained in any policy for the purpose of inducing, or attempting or tending to induce, the policyholder to lapse, forfeit, surrender, retain, exchange or convert any insurance policy.

The Eleventh Circuit in *Anschultz* obviously disagrees with *Graves v. Blue Cross of California*, 688 F.Supp. 1405 (N.D.Cal. 1988), which holds that a California statute that prohibits certain insurance practices because they are "unfair" and "deceptive" is a law "regulating insurance" and, therefore, is *not* preempted by ERISA. Under the reasoning of District Court for the Northern District of California, that court would easily treat Alabama Code § 27–12–6 as a statute "regulating insurance," and thus excepted from ERISA preemption.

These are just other examples of the ERISA quicksand about which this court spoke in *Jordan v. Reliable Ins. Co.*, 694 F.Supp. 822 (N.D.Ala.1988). As a further illustration of ERISA's bouncing ball, depending on what court the ball is in, this court examines *Teper v. Park West Galleries, Inc.*, 431 Mich. 202, 427 N.W.2d 535 (1988), in which a majority of the justices of the Supreme Court of Michigan court finds no ERISA preemption in a case in which the Michigan court affirmed a large jury verdict for future pension benefits. The rationale in *Teper* perfectly fits the Butlers' case, because the Michigan court majority concludes that the "plan" itself was not being called upon to pay, was not adversely affected and, therefore, was not "related." The judgment was against the employer only and not the trust. In the instant case, any future judgment in favor of the Butlers will not be against the "plan," because the "plan" no longer ex-

ists. Michigan's chief justice concurs specially in *Teper*, saying that the plain language of ERISA only preempts state laws that purport to *regulate a plan*. He strangely makes no mention of exemption from preemption. One Michigan justice dissents, saying that preemption should be obvious. Again, this illustrates how the courts continue to manifest wide and wild disagreement over the meaning and application of ERISA "preemption" and its "exemption from preemption."

This court does not know why the Eleventh Circuit in *Anschultz* did not mention *Ft. Halifax Packing Co. v. Coyne*, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987), in which a Maine statute survived an express ERISA preemption challenge in the Supreme Court, either because the Maine statute there did not "relate to" an employee benefit plan, or because it was excepted as a legitimate state regulation of insurance. A discussion of *Ft. Halifax* in *Anschultz* would have helped an understanding of *Anschultz*, if it would not have changed the outcome. In any event, the Butlers' claims against the removing defendants here are so remotely, indirectly, and peripherally "related to" an employee benefit plan, if related at all, as not to constitute ERISA claims in the first place. Alabama Code § 27–12–6 is simply and clearly a statute designed to regulate or to control one aspect of the insurance industry in Alabama. Plaintiffs' reliance upon an insurance-regulating statute makes the Butlers' case much closer akin to *Ft. Halifax* than to *Anschultz*.

For the foregoing reasons, the Butlers' action as against defendants, Fringe Benefits and Southeastern Independent will be dismissed without prejudice. The only possible ERISA claims having thus disappeared, the non-ERISA claims as against the two removing defendants will be remanded to the Circuit Court of Colbert County, Alabama.