**Murry BOUDRA, Plaintiff,**

v.

**HUMANA HEALTH INSURANCE COMPANY OF FLORIDA, INC., Defendant.**

**No. 89–3068 GB.**

United States District Court,
W.D. Tennessee, W.D.

Feb. 5, 1990.

Donna M. Fields, Memphis, Tenn., for plaintiff.

Randall D. Noel, Ted Mackall, Memphis, Tenn., for defendant.

## ORDER DENYING MOTION TO REMAND

GIBBONS, District Judge

Before the court is plaintiff Murry Boudra's Motion to Remand. The original complaint in this action was filed in the Circuit Court of Tennessee for the Thirteenth Judicial District at Memphis, Tennessee. Plaintiff's complaint alleges that the defendant Humana Health Insurance Co. of Florida, Inc., wrongfully denied plaintiff's claims for medical benefits under a group health and accident insurance policy purchased by plaintiff's employer, Aircraft Service International, Inc. On November 27, 1989, this case was removed to this court on motion of the defendant. Plaintiff now moves this court to remand this case to state court. Plaintiff's motion to remand is denied.

Plaintiff contends that removal of this case was improper because the gravamen of the complaint is a claim under state law and because there is no federal preemption under ERISA of plaintiff's state law claims. The most recent case cited as authority by the plaintiff is a 1984 decision. Hence, plaintiff has failed to address several leading decisions on this subject matter.

State law theories of recovery relating to an employee benefit plan are preempted by ERISA unless they fall within the statute's savings clause. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Daniel v. Eaton Corp.*, 839 F.2d 263 (6th Cir.1988). Plaintiff seeks to recover based upon T.C.A. § 56-7-105. This statute no doubt relates to an employee benefit plan. *See Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2388, 85 L.Ed.2d 728 (1985); *Pilot Life Ins. Co.*, 481 U.S. at 47, 107 S.Ct. at 1552. Thus, the requisite question is whether the Tennessee statute falls within ERISA's savings clause.

In order to fall within the savings clause and thereby avoid preemption, a state law must pass a two-step test established by the Supreme Court. First, the statute must be found to "regulate insurance". In order for a statute to "regulate insurance" it must: (a) have the effect of transferring or spreading a policyholder's risk; (b) be an integral part of the policy relationship between the insurer and the insured; and (c) be limited to entities within the insurance industry. *Pilot Life Ins. Co.*, 481 U.S. at 48-49, 107 S.Ct. at 1553-54 . Second, in order to fall within the savings clause, the statute must be found not to conflict with the enforcement provisions of ERISA. *Id.* at 51-57, 107 S.Ct. at 1555-58.

Applying the above test, the court finds that T.C.A. § 56-7-105 does not "regulate insurance" and therefore does not fall within the savings clause and is preempted by ERISA. *See Kelley v. Sears, Roebuck and Co.*, 882 F.2d 453 (10th Cir.1989); *Anschultz v. Connecticut General Life Ins. Co.*, 850 F.2d 1467 (11th Cir.1988); *In re Life Ins. Co. of North America*, 857 F.2d 1190 (8th Cir.1988); *Taylor v. Blue Cross/Blue Shield of New York*, 684 F.Supp. 1352 (E.D.La.1988); *Roberson v. Equitable Life Assurance Society of the United States*, 661 F.Supp. 416 (C.D.Cal. 1987), *aff'd*, 869 F.2d 1498 (9th Cir.1989). T.C.A. § 56-7-105 does not operate to

spread or transfer policyholder risk. *See Anschultz*, 850 F.2d at 1469; *Denette v. Life of Indiana Ins. Co.*, 693 F.Supp. 959, 966 (D.Colo.1988). Further, the statute is not an integral part of the policy relationship between the insured and the insurer. *See Anschultz*, 850 F.2d at 1469; *Denette*, 693 F.Supp. at 966.[1]

Hence, plaintiff's motion to remand is denied.

IT IS SO ORDERED.

---

**1.** Because T.C.A. § 56–7–105 fails prongs one and two of the McCarran–Ferguson test, it is not necessary to consider the third prong. Further, it is also unnecessary to consider whether the statute conflicts with the enforcement provisions of ERISA.