**Harold Ray BISHOP, Plaintiff,**

v.

**PROVIDENT LIFE AND CASUALTY INSURANCE COMPANY, Defendant.**

**Civ. No. 4–89–081.**

United States District Court,
E.D. Tennessee,
Winchester Division.

June 12, 1990.

Thomas C. Faris, Winchester, Tenn., for plaintiff.

Donna L. Pierce, Chambliss, Bahner, Crutchfield, Gaston & Irvine, Chattanooga, Tenn., for defendant.

### MEMORANDUM OPINION

JARVIS, District Judge.

This is an action to recover disability benefits brought by Harold Ray Bishop ("Bishop") against the Provident Life and Casualty Insurance Company ("Provident"). Provident provided disability insurance coverage for the employees of plaintiff's former employer, Cubic Precision. Plaintiff brought this action in state court under theories of common law breach of contract and bad faith failure to pay an insurance claim under T.C.A. § 56–7–105, for failure to pay disability benefits to which plaintiff claims he is entitled. Plaintiff. brings no claim under the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1001, *et seq.* Defendant removed the case to this court basing jurisdiction upon ERISA since the benefits which plaintiff seeks are clearly controlled by the ERISA statute. Currently pending is the defendant's motion to dismiss, or in the alternative for summary judgment, pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure, on grounds that (1) plaintiff's claims are preempted by ERISA; and (2) there are no genuine issues of material fact with regard to plaintiff's entitlement to benefits. Since I am of the opinion that plaintiff's state law claims are preempted by the ERISA statute, defendant's motion to dismiss will be granted and the court does not reach the issue of plaintiff's entitlement to benefits.

ERISA comprehensively regulates, among other things, employee welfare benefit plans that, "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability or death. 29 U.S.C. § 1002(1). With respect to the preemptive effect of ERISA, Congress provided as follows:

> Except as provided in subsection (b) of this section [the saving clause], the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan....

29 U.S.C. § 1144(a). There is no dispute that plaintiff's breach of contract and § 56–7–105 claims relate to an employee benefit plan and therefore fall under the express preemption clause, § 1144(a). However, plaintiff contends that his claim from the bad faith penalty under T.C.A. § 56–7–105 deals with a law which "regulates insurance" and is thus saved by § 514(b)(2)(A) from preemption. That section provides as follows:

> Except as provided in subparagraph (B) [the Deemer clause], nothing in this subchapter shall be construed to exempt or relieve any person from any law of any

State which regulates insurance, banking, or securities.

29 U.S.C. § 1144(b)(2)(A) (Saving Clause).

T.C.A. § 56–7–105 provides in part as follows:

> *Additional Liability Upon Insurers and Bonding Companies for Bad–Faith Failure to Pay Promptly.*—(a) The insurance companies of this state, and foreign insurance companies and other persons or corporations doing an insurance or fidelity bonding business in this state, in all cases when a loss occurs and they refuse to pay the same within sixty (60) days after a demand shall have been made by the holder of the policy or fidelity bond on which the loss occurred, shall be liable to pay the holder of the policy or fidelity bond, in addition to the loss and interest thereon, a sum not exceeding twenty-five percent (25%) on the liability for the loss; provided, that it shall be made to appear to the court or jury trying the case that the refusal to pay the loss was not in good faith, and that such failure to pay inflicted additional expense, loss, or injury upon the holder of the policy or fidelity bond; ...

The United States Supreme Court has recently specified the factors a court should consider in determining whether a state law falls under the saving clause. First, a court should look to what guidance is available from a "common-sense view" of the language of the saving clause itself. *Metropolitan Life Insurance Company v. Massachusetts*, 471 U.S. 724, 740, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985). Second, a court should make use of the case law interpreting the phrase "business of insurance" under the McCarran–Ferguson Act, 15 U.S.C. § 1011, *et seq.*, in interpreting the saving clause.[1] Third, a court should consider the role of the saving clause in ERISA as a whole. *Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 1555, 95 L.Ed.2d 39 (1987).

The court first considers whether a common-sense view of the phrase "regulate

---

**1.** The McCarran–Ferguson Act provides: "The business of insurance, and every person engaged therein, shall be subject to the laws of the several States which relate to the regulation or taxation of such business. 15 U.S.C. § 1012(a).

insurance" includes the 25% penalty provision of the Tennessee statute. There is no question that T.C.A. § 56–7–105 is directed toward the insurance industry. However, the question is whether it regulates that industry. The term "regulate" means "to fix, establish, or control; to adjust by rule, method, or established mode; to direct by rule or restriction; to subject to governing principles or laws." *Black's Law Dictionary*, 1156 (5th ed. 1979). The court does not understand the penalty provision to fall within the common-sense definition of the term "regulate".

Three criteria have been used by courts to determine whether a practice falls under the "business of insurance" for purposes of the McCarran–Ferguson Act:

[F]*irst*, whether the practice has the effect of transferring or spreading a policyholder's risk; *second*, whether the practice is an integral part of the policy relationship between the insurer and the insured; and *third*, whether the practice is limited to entities within the insurance industry.

*Union Labor Life Insurance Company v. Pireno*, 458 U.S. 119, 129, 102 S.Ct. 3002, 3009, 73 L.Ed.2d 647 (1982).

T.C.A. § 56–7–105 does not effect a spreading of policyholder risk, but rather simply provides damages and attorney's fees if an insurance company fails to pay in good faith a claim upon which it is liable. Moreover, the statutory provision does not constitute an integral part of the relationship between the insured and the insurer. However, § 56–7–105 is limited to entities within the insurance industry.

The most important factor for determining whether § 56–7–105 is encompassed in the saving clause is the relationship between it and the role of the saving clause in ERISA as a whole. *Pilot Life*, 107 S.Ct. at 1558. Under the several enforcement provisions of ERISA, a plan participant or beneficiary has a number of options: he may sue to recover benefits due under the plan, to enforce the participant's rights under the plan, or to clarify rights to future benefits. § 502(a). He may also bring an action for breach of fiduciary duty, and

may even seek removal of the fiduciary. §§ 502(a)(2), 409. The court may allow an award of attorney fees to either party. § 502(g). The Supreme Court has clearly indicated that Congress intended the ERISA civil enforcement scheme to be exclusive:

[T]he detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claim settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choice is reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.

*Pilot Life*, 107 S.Ct. at 1556. T.C.A. § 56–7–105 provides for statutory damages if an insurance company fails in bad faith to pay a claim for which it is liable. I am of the opinion that this statute is in conflict with the ERISA civil enforcement scheme and that the saving clause was not intended to save such state laws from the preemptive effect of the ERISA statute.

The court notes that virtually every circuit which has considered the question has reached the same conclusion. *See, e.g., Kanne v. Connecticut General Life Insurance Company*, 867 F.2d 489 (9th Cir. 1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 3216, 106 L.Ed.2d 566 (1989); *Anschultz v. Connecticut General Life Insurance Company*, 850 F.2d 1467 (11th Cir.1988); *In re: Life Insurance Company of North America*, 857 F.2d 1190 (8th Cir.1988).

Based on the foregoing, the court concludes that the plaintiff's claims are preempted by the ERISA statute. Accordingly, defendant's motion to dismiss for failure to state a claim upon which relief can be granted [Court File # 11] is granted, and this action is dismissed.

Order accordingly.