THREADGILL, Judge.
In this breach of contract action, the appellant, Peter C. Bradshaw, challenges a final order, which dismisses his amended complaint against the appellee, Ultra-Tech Enterprises, Inc., for lack of subject matter jurisdiction. The trial court found that Bradshaw’s claims, as set forth in his amended complaint, invoked federal court jurisdiction under the Employee Retirement Income Securities Act (ERISA). Because federal law preempts state law, the trial court determined that it lacked subject matter jurisdiction to entertain Bradshaw’s claims. We affirm.
In his amended complaint, Bradshaw alleged that he was a retired employee of Ultra-Tech and as such was receiving retirement benefits, consisting of monthly pension benefits, company-maintained medical insurance coverage, a 401(k) profit-sharing plan, and a life insurance policy. The complaint goes on to aver that Ultra-Tech breached its agreement to pay the foregoing retirement benefits when it notified Bradshaw that such benefits were being recharacterized as compensation for consulting services rendered by him, that such services were no longer needed, and that his employment as an Ultra-Tech consultant was otherwise being terminated along with his benefits. In the complaint’s request for declaratory relief, Bradshaw seeks a judicial declaration of his right to receive the retirement benefits at issue.
Bradshaw’s amended complaint alleges the existence of employee benefit plans, which are governed and otherwise regulated by ERISA. See 29 U.S.C. §§ 1002, 1003 (1999). ERISA supersedes “any and all State laws insofar as they ... relate to any employee benefit plan” governed by that act. See 29 U.S.C. § 1144(a). Thus, even state common law causes of action, including those for breach of contract, are preempted by ERISA when they relate to or have any connection with an employee benefit plan. See Swerhun v. Guardian Life Ins. Co., 979 F.2d 195, 197-98 (11th Cir.1992); see also Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983); Ellenburg v. Brockway, Inc., 763 F.2d 1091 (9th Cir.1985); Powell v. Chesapeake & Potomac Telephone Co., 780 F.2d 419 (4th Cir.1985).
Bradshaw argues that he only seeks pure retirement benefits, which are unrelated to any employee benefit plan governed by ERISA. In fact, both parties admit that there is no employee pension plan in existence at Ultra-Tech, and that only its 401(k) plan is subject to ERISA regulations. Because Bradshaw claims he is not seeking benefits under the 401(k) plan, he contends that the benefits he does seek can be enforced in a state common law action, since, according to Kulinski v. Medtronic Bio-Medicus, Inc., 21 F.3d 254 (8th Cir.1994), and Nagy v. Riblet Products Corp., 79 F.3d 572, 574 (7th Cir.1996), the mere existence of a 401(k) plan at Ultra-Tech, in and of itself, would not invoke federal jurisdiction.
The foregoing assertions notwithstanding, the fact remains that Bradshaw’s amended complaint alleges the existence of and a claim for benefits under retirement plans governed by ERISA. We therefore affirm the trial court’s dismissal of the amended complaint, but remand to allow Bradshaw to again amend his complaint to attempt to state a cause of action for benefits unrelated to a plan controlled by ERISA.
Affirmed; remanded.
CAMPBELL, A.C.J., and SALCINES, J., Concur.