Clifton L. **BRIDGES,** M.D., Plaintiff,

v.

**PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,**
Defendant.

No. 5:00–CV–159–OC–10.

United States District Court,
M.D. Florida,
Ocala Division.

Oct. 20, 2000.

Walter S. McLin, III, Christopher Vincent Carlyle, McLin, Burnsed, Morrison, Johnson, Newman & Roy, P.A., Leesburg, FL, for Plaintiff.

Timon V. Sullivan, Daneil Marie McAuliffe, Ogden & Sullivan, P.A., Tampa, FL, for Defendant.

## ORDER

HODGES, Senior District Judge.

The United States Magistrate Judge has issued a report and recommendation (Doc. 14) regarding the Defendant's Motion to Dismiss and Strike Count III of the Amended Complaint (Doc. 9), to which the Plaintiff has filed objections (Doc. 15).

Upon this Court's independent examination of the file and upon due consideration of the Magistrate Judge's report and recommendation and the Plaintiff's objections, the report and recommendation (Doc. 14) is adopted, confirmed and made a part hereof, and it is ordered that:

(1) the Defendant's Motion to Dismiss and Strike Count III (Doc. 9) is GRANTED;

(2) the Plaintiff's claims for attorney's fees under Florida Statute § 627.428 and Plaintiff's demand for a jury trial is stricken;

(3) the Clerk is directed to issue an amended Case Management and Scheduling Order reflecting that this case shall be tried non-jury. In all other respects, the Court's Case Management and Scheduling Order shall remain in effect and all other deadlines and dates shall remain the same; and

(4) the Clerk is further directed to withhold entry of judgment pending resolution of the case as a whole.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION[1]

JONES, United States District Judge.

Pending before the Court is the Defendant's Motion to Dismiss and Strike Count III (Doc. 9). Plaintiff has filed his response (Doc. 11), and the motion is now ripe for disposition. For the reasons discussed below, Defendant's Motion to Dismiss Count III is due to be granted.

### I. Background And Facts

Plaintiff is a medical doctor and in 1996 retired from practice due to a medical disability. (Doc. 8 at 2). Defendant issued a Disability Income Policy to Plaintiff, which paid a monthly benefit for total disability. See id. After the occurrence of the disability, Plaintiff filed a Notice of Claim with Defendant based on ischemic heart disease. See id. at 3. Defendant investigated the claim and began paying monthly disability payments in conformity with the policy. See id. In November of 1999, Defendant sent Plaintiff a letter in-

1. Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

forming him that after a recent review of his claim, no further benefits under the policy would be paid, *see id.* at 3, based on the determination that "limitations and restrictions are primarily a matter of choice and not supported by objective criteria." *Id.* at Ex. B. After Plaintiff requested review of the decision, Defendant upheld it, and Plaintiff subsequently filed this action. *See id.* at 3.

On June 19, 2000, Plaintiff filed an amended complaint against Defendant alleging: (1) a claim for benefits under ERISA (Count I); (2) a claim to enforce and clarify rights under ERISA (Count II); and (3) a violation of Florida's "bad faith" statute, Florida Statute § 624.155 (Count III). (Doc. 8). Plaintiff also requested attorney's fees under Florida Statute section 627.428 (1999) and demanded a jury trial. *See id.* at 6.

Defendant has moved to dismiss Count III on the grounds that ERISA preempts Florida Statute § 627.155 and, thus, Count III fails to state a claim upon which relief may be granted. Because Count III also requests attorneys fees under § 627.428, Defendant requests that the demand be stricken. Lastly, because ERISA does not provide for trial by jury Defendant requests that Plaintiff's demand for jury trial be stricken.

## II. *Motion To Dismiss Standard*

In passing on a motion to dismiss under Rule 12(b)(6), this Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." *International Erectors, Inc. v. Wilhoit Steel Erectors and Rental Service*, 400 F.2d 465, 471 (5th Cir.1968). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). *See also Cook & Nichol, Inc. v. The Plimsoll Club,* 451 F.2d 505, 506 (5th Cir.1971)("a motion to dismiss for failure to state a claim should not be granted

unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim."). A complaint is sufficiently plead "if it shows that the plaintiff is entitled to *any* relief which the Court can grant, regardless of whether it asks for the proper relief." *Dotschay v. National Mut. Ins. Co.,* 246 F.2d 221 (5th Cir.1957) (emphasis added). In addition, for purposes of deciding a motion to dismiss, the material allegations of a plaintiff's complaint are taken as true. *See Aquatherm Indus. v. Florida Power & Light,* 971 F.Supp. 1419, 1424 (M.D.Fla. 1997). Here, because the determination by the Court is an issue of law and there is no factual dispute as to whether the underlying policy is governed by ERISA it is appropriate to resolve the issue on a motion to dismiss.

## III. *Legal Analysis*

■ The issue to be decided by the Court concerns whether the Supreme Court's recent analysis of the ERISA savings clause in *UNUM Life Ins. Co. of America v. Ward,* 526 U.S. 358, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999), supercedes and alters the pre *UNUM* view of the Eleventh Circuit in *Anschultz v. Connecticut,* 850 F.2d 1467 (11th Cir.1988) in which the Court held that Florida's bad faith statute was preempted by ERISA because it falls outside the ERISA savings clause. For the reasons that follow the Court determines that *UNUM* does not alter or effect the Eleventh Circuit's holding in *Anschultz* and, accordingly, Florida Statute 624.155 is preempted by ERISA.

ERISA is a comprehensive statute that subjects employee benefit plans to federal regulation. *See, Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 732, 105 S.Ct. 2380, 2385, 85 L.Ed.2d 728 (1985). Preemption of state claims under ERISA is governed by section 514 of the Act. *See,* 29 U.S.C. § 1144. Section 514 consists of several parts including a "preemption clause" found in section 514(a), 29 U.S.C. § 1144(a) and a "savings clause"

found in Section 514(b)(2)(A), 29 U.S.C. § 1144(b)(2)(A). *See, Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 50, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987). As a first step if a state law relates to employee benefit plans it is preempted by the preemption clause. Secondly, even if the law relates to an employee benefit plan the savings clause excepts from the preemption clause laws that regulate insurance. Here, the parties do not dispute that the application of Florida Statute Section 624.155 to the disability policy "relates to an employee benefit plan." The disagreement relates to whether 624.155 is excepted from preemption by the savings clause because it "regulates insurance."

■ In determining whether the state statute regulates insurance the Supreme Court has adopted a two step analysis, *See, Dedeaux,* 107 S.Ct. at 1553. First, the Court must determine whether the state law regulates insurance taking into account a "common sense view of the matter." *Metropolitan Life Ins. Co.,* 471 U.S. at 740, 105 S.Ct. at 2389. On this issue there is no disagreement between the parties that 624.155 "regulates insurance." Second, the Court must determine whether the state law falls within the phrase "business of insurance" as analyzed under the McCarran–Ferguson Act. *Id.* 105 S.Ct. at 2391.

■ Traditionally, the courts have focused on three factors in analyzing whether a state law falls within the phrase "business of insurance" under the McCarran–Ferguson Act. First, the court determines whether the practice has the effect of transferring or spreading a policyholder's risk. *See, Metropolitan Life,* 471 U.S. at 743, 105 S.Ct. at 2391. Second, the court determines whether the practice is an integral part of the policy relationship between the insurer and the insured. *Id.* Third, the court determines whether the practice is limited to entities within the insurance industry. *Id.*

Plaintiff argues that the Supreme Court in *UNUM* "expressly rejected the assertion that a state regulation must satisfy all three McCarran–Ferguson factors in order to regulate insurance under [the] ERISA savings clause." (Doc.11 at 3). According to Plaintiff none of the factors is determinative by itself and are merely "considerations to be weighed in determining whether a state law regulates insurance." Under Plaintiff's view when the factors are considered against 624.155 the reasonable conclusion is that § 624.155 falls within ERISA's savings clause and is not preempted.

Plaintiff concludes by arguing that *Variety Children's Hospital, Inc. v. Medical Century Health Plan, Inc.,* 57 F.3d 1040 (11th Cir.1995) and *Kritzman v. UNUM Life Ins. Co. of America,* 928 F.Supp. 1165 (M.D.Fla.1996)—favorably relied upon by Defendant for the holding that 624.155 is preempted—are inapposite because neither case utilizes the McCarran–Fergsuon analysis and both were decided before *UNUM.* The Court does not need to address these cases because two other Eleventh Circuit cases, *Anschultz* and *Swerhun v. Guardian Life Ins. Co. of America,* 979 F.2d 195 (11th Cir.1992), both squarely held that section 624.155 does not fall within ERISA's savings clause based on a McCarran–Ferguson analysis.

In *Anschultz,* the Eleventh Circuit analyzed each of the three McCarran–Ferguson criteria. Concerning the first factor—whether the practice has the effect of transferring or spreading a policyholder's risk—the *Anschultz* court held that "[T]he statute transfers or spreads no policyholder risk." *Id.* at 1469. Secondly, the *Anschultz* court in holding that the second McCarran–Ferguson factor had not been met concluded that 624.155 is not an integral part of the policy relationship between the insurer and the insured. *Id.* Lastly, as to the third factor, the *Anschultz* court conceded that the third criteria is met because 624.155 is limited to entities within the insurance industry. Based on this analysis the Eleventh Circuit concluded that because 624.155 failed to satisfy the McCarran–Ferguson criteria it fell outside the ERISA savings clause. Subsequently,

in *Swerhun* the Eleventh Circuit reaffirmed its holding in *Anschultz* in again concluding that section 624.155 falls outside the ERISA savings clause under a McCarran–Ferguson analysis.

While *UNUM* may have refined the savings clause analysis by using the McCarran–Ferguson factors as a "guidepost" rather than requiring each factor to be determinative by itself, the analysis in *Anschultz* is not at odds with *UNUM*. To the contrary, after analyzing the McCarran–Fergsuon criteria the *Anschultz* court found two of the three factors were not met and based on that determination concluded that 624.155 did not satisfy the McCarran–Ferguson test. Therefore, by outlining the reasons whether 624.155 did or did not satisfy the requisite test the *Anschultz* decision still reflects good law.[2]

Accordingly, the Court rejects Plaintiff's argument that *UNUM* requires the Court to ignore pre-*UNUM* cases such as *Anschultz*. Consistent with the court's decision in *Anschultz* this Court concludes that Florida Statute § 624.155 does not fall within ERISA's savings clause and, accordingly, is preempted by ERISA. As such Count III of Plaintiff's complaint fails to state a cause of action upon which relief may be granted and must be dismissed.[3]

## IV. *RECOMMENDATION*

For the foregoing reasons it is, therefore, respectfully **RECOMMENDED** that:

(1) Defendant's Motion to Dismiss and Strike Count III (Doc. 9) be **GRANTED**; and

(2) Plaintiff's claims for attorney's fees under Florida Statute section 627. 428 and Plaintiff's demand for a jury trial be **STRICKEN**; and

(3) the Case Management and Scheduling Order be amended to provide that this case shall be tried non-jury and all other deadlines and dates in the Court's Case Management and Scheduling Order remain the same.

Oct. 20, 2000.

---

2. Plaintiff also relies on *Lewis v. Aetna U.S. Healthcare, Inc.*, 78 F.Supp.2d 1202 (N.D.Okla.1999), an Oklahoma district court case for support. *Lewis* is distinguishable from the instant case. In *Lewis* the state law which was the focus of the ERISA savings clause analysis involved a state tort of breach of the implied duty of good faith and fair dealing in an insurance policy, and not a statutory civil remedy as here. *Lewis* found that this tort "effectively creates a mandatory contract term." *Lewis* at 1214. In Oklahoma the insurance laws require a standard clause in each accident and health policy pursuant to which insurers must pay claims promptly. In contrast there is no such provision under 624.155 and instead this provision of Florida law merely establishes a civil remedy for bad faith claims practices. Thus, under Florida law there is no requirement that the insurance policy contain such a clause. Accordingly, the Eleventh Circuit's holding in *Anschultz* that "[t]he statute is [not] an integral part of the policy relationship between the insurer and the insured" is consistent with Florida law and renders the conclusion on this issue distinguishable from the view of the *Lewis* court under Oklahoma law.

3. As acknowledged by Plaintiff with the dismissal of Count III Plaintiff's claim for attorneys fees and demand for a jury trial must be stricken because they would also be preempted by ERISA. *See, Blake v. Unionmutual Stock Life Ins. Co. of America*, 906 F.2d 1525 (11th Cir.1990)(no right to jury trial under ERISA).