833 F.2d 277
 56 USLW 2343, 9 Employee Benefits Ca 1347
 Ruth Ellen BELASCO (Dupree), et al., Plaintiffs-Appellees,
v.
W.K.P. WILSON & SONS, INC., Defendant-Appellant,
Connecticut General Life Insurance Company, et al., Defendants.
Ruth Ellen BELASCO (Dupree), et al., Plaintiffs-Appellees,
v.
W.K.P. WILSON & SONS, INC., et al., Defendants,
Connecticut General Life Insurance Company, Defendant-Appellant.
 Nos. 86-7088, 86-7089.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 2, 1987.
 
 Armbrecht, Jackson, DeMouy, Crowe, Holmes & Reeves, David A. Bagwell, Wade B. Perry, Peter S. Mackey, Mobile, Ala., for defendant-appellant.
 Peter F. Burns, Morgan & Burns, Mobile, Ala., for plaintiffs-appellees.
 Appeal from the United States District Court for the Southern District of Alabama.
 Before HILL and HATCHETT, Circuit Judges and THOMAS*, Senior District Judge.
 HILL, Circuit Judge:
 
 I.
 
 1
 This case is an interlocutory appeal from the District Court for the Southern District of Alabama, Southern Division. Appellees Ruth Ellen Belasco (Dupree) and Michael Edward Dupree ("plaintiffs"), individually and as next friends of their two minor children, sued Connecticut General Life Insurance Company ("CIGNA") and insurance broker W.K.P. Wilson & Son, Inc. ("Wilson") upon claims for medical and surgical benefits said to be due to them from CIGNA and claims based upon alleged bad faith and fraud by CIGNA. The complaint was later amended to make claims against Peter Steckler ("Steckler"), who had acted for Wilson.
 
 
 2
 The Dupree parents are beneficiaries of CIGNA insurance programs provided to each at their separate places of employment. The insurer asserts that under one program, the parents elected that the minor dependents not be covered and that, under the other, coverage for the minor dependents does not extend to pre-existing conditions. The claims now asserted arise out of illness, and related treatment, of a minor dependent.
 
 
 3
 CIGNA removed the case to the district court; plaintiffs' motions to remand were denied. Wilson and CIGNA filed motions for summary judgment, claiming that plaintiffs' claims were pre-empted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sec. 1001 et seq. ("ERISA"); the district court denied those motions, but subsequently amended its order to allow the parties to petition for an interlocutory appeal to this Court pursuant to 28 U.S.C. Sec. 1292(b). We granted permission to appeal.
 
 
 4
 At oral argument it was noted that three cases were pending in the United States Supreme Court which involved the issues in this case. Those cases (two of which were consolidated) were decided on April 6, 1987. Metropolitan Life Insurance Company v. Taylor, --- U.S. ----, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); Pilot Life Insurance Company v. Dedeaux, --- U.S. ----, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).
 
 
 5
 We first consider the substantive question of whether ERISA pre-empts the plaintiffs' state law claims. We then turn to the procedural issues of whether the federal courts have subject matter jurisdiction and whether the case was properly removed to federal court.
 
 II.
 
 6
 The central substantive issue in this case is whether the Plaintiffs' state law claims are pre-empted by ERISA. Pre-emption of state law claims under ERISA is governed by ERISA section 514, 29 U.S.C. Sec. 1144.[1]
 
 
 7
 The ERISA preemption provision is specifically directed to "employee benefit plan[s]," 29 U.S.C. Sec. 1144(a), which are defined in 29 U.S.C. Sec. 1002(3). Dedeaux involved a claim for long term disability benefits, --- U.S. at ----, 107 S.Ct. at 1551, and the existence of a "plan" was not disputed.[2] Taylor also involved a claim for disability benefits, --- U.S. at ----, 107 S.Ct. at 1545, and there was no discussion in that case of whether a "plan" was involved. In the present case, the district court noted that it "ha[d] not been shown any document from which a plan could be ascertained, other than the insurance policy." The district court also observed that "the existence of a plan is irrelevant to the question of preemption." We conclude that the insurance policies in this case constitute a "plan" as defined by ERISA,[3] although we note with concern that this portends a dramatic increase in the federal court system's case load.[4]
 
 
 8
 We hold that, since the insurance policies involved in this suit constitute an "employee benefit plan" as defined in ERISA, 29 U.S.C. Sec. 1002(3), the analysis in Dedeaux compels the conclusion that the plaintiffs' claims against CIGNA are pre-empted. This analysis proceeds in two steps.
 
 
 9
 First, we must use the "broad common-sense meaning" of the term "relate to" to determine whether common law causes of action fall under the ERISA pre-emption clause found in 29 U.S.C. Sec. 1144(a). Dedeaux, --- U.S. at ----, 107 S.Ct. at 1553. Using this formulation we conclude that plaintiffs' claims "relate to" their plan.
 
 
 10
 Second, we must check for any exception to pre-emption, which would be governed by the ERISA saving clause, 29 U.S.C. Sec. 1144(b)(2)(A). Plaintiffs argue that the Alabama law of bad faith, which forms the basis of one of their claims,[5] is a "law ... which regulates insurance," 29 U.S.C. 1144(b)(2)(A), and therefore falls under the saving clause. However, the Alabama law of bad faith appears to us to have the same roots "in the general principles of ... tort and contract law" as was the case in Dedeaux. --- U.S. at ----, 107 S.Ct. at 1554. The other factors considered by the Supreme Court in its analysis of the saving clause in Dedeaux are not disputed by plaintiffs and would apply to this case in the same manner as they applied to the facts in Dedeaux. --- U.S. at ----, 107 S.Ct. at 1553-58. We conclude that the saving clause does not apply in this case.
 
 
 11
 It is, initially, less certain that plaintiffs' claims against Wilson are pre-empted. Dedeaux and Taylor involved suits against an insurance company, but neither was against an agency. Dedeaux dealt only with an employee's claims against the insurance company that issued the group insurance policy. --- U.S. at ----, 107 S.Ct. at 1551. Taylor, however, does provide some guidance. In that case, the plaintiff/employee not only sued the insurance company that issued the group insurance policy, but also sued his employer "for wrongful termination of his employment and for wrongfully failing to promote him." --- U.S. at ----, 107 S.Ct. at 1545. The Supreme Court concluded that the employee's claims " 'relate[d] to [an] employee benefit plan' " and were pre-empted by ERISA under the rule of Dedeaux, without distinguishing between the claims against the insurer and the related, but distinct, claims against the employer. --- U.S. at ----, 107 S.Ct. at 1546. This indicates that the "broad common-sense meaning" of the term "relate to," Dedeaux, --- U.S. at ----, 107 S.Ct. at 1553, is quite broad indeed. We therefore conclude that the reach of ERISA preemption extends not only to the claims against CIGNA, but to the claims against Wilson as well.
 
 
 12
 The ERISA saving clause does not apply to the claims against Wilson for the same reasons as discussed above for CIGNA.
 
 
 13
 In summary, we conclude that ERISA pre-empted plaintiffs' state law claims against both CIGNA and Wilson.
 
 III.
 
 14
 Plaintiffs contend that the federal courts lack subject matter jurisdiction, so that removal was improper. These questions are also resolved by our conclusion that the insurance policies in this case are part of an ERISA "plan."
 
 
 15
 Removal is permitted of "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. Sec. 1441(b). Whether a claim "arises under" federal law is governed by whether the plaintiff's "well-pleaded complaint" raises federal issues. Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). In this case, plaintiffs' complaint raised only claims provided by state law. CIGNA and Wilson, in supplemental briefs, claim federal question jurisdiction based upon ERISA's having pre-empted the state law claims. As federal pre-emption is normally a defense, it does not appear in a well-pleaded complaint, so the usual rule would indicate that federal subject matter jurisdiction is lacking. However, Taylor holds that the special rule used for claims pre-empted by section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. Sec. 185, should also be applied to cases covered by ERISA's civil enforcement provisions, section 502(a)(1)(B), 29 U.S.C. section 1132(a)(1)(B).[6] --- U.S. ----, 107 S.Ct. at 1546-48. As a result, ERISA pre-emption does not act as a defense to a state-law claim, which is the usual effect of federal preemption; instead, ERISA pre-emption converts the related claim into a federal question. Id. We conclude that federal question jurisdiction is present and removal was available under 28 U.S.C. Sec. 1441(b), following the rule of Taylor, --- U.S. at ----, 107 S.Ct. at 1548.
 
 
 16
 Plaintiffs argue that removal was improper due to the failure of Wilson to join in the petition for removal. Brief of Appellees at 7-9. CIGNA and Wilson respond that the statutory basis for removal in this case was 28 U.S.C. section 1441(c),[7] not section 1441(b). Following the rule of American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), which significantly restricts the definition of "separate and independent claims" for the purpose of section 1441(c), we believe that removal under section 1441(c) is not available in this case. This case, like Finn, appears to involve a "single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, [so that] there is no separate and independent claim or cause of action under section 1441(c)." 341 U.S. at 14, 71 S.Ct. at 540. Therefore, removal is only available under section 1441(b).
 
 
 17
 While we are impressed by the authorities cited by plaintiffs in support of their argument that Wilson's failure to join in the removal petition made it defective, we must agree with Wilson and Steckler that given the novelty, complexity, and technicality of this question, the ends of justice and judicial efficiency are best served by treating the removal petition as if it had been amended to include Wilson. See 28 U.S.C. Sec. 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); Fed.R.Civ.P. 15(a) ("[L]eave [to amend] shall be freely given when justice so requires.").
 
 
 18
 We thus conclude that the federal courts have subject matter jurisdiction and removal was proper.
 
 IV.
 
 19
 For the foregoing reasons, the district court's order of November 27, 1985 is REVERSED.
 
 
 
 *
 Honorable Daniel H. Thomas, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation
 
 
 [1]
 The ERISA pre-emption provision was summarized in Dedeaux as follows:
 "Except as provided in subsection (b) of this section [the saving clause], the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." Sec. 514(a), as set forth in 29 U.S.C. Sec. 1144(a) (pre-emption clause).
 "Except as provided in subparagraph (B) [the deemer clause], nothing in this subchapter shall be construed to exempt or relieve any person from any law of any state which regulates insurance, banking, or securities." Section 514(b)(2)(A), as set forth in 29 U.S.C. Sec. 1144(b)(2)(A) (saving clause).
 "Neither an employee benefit plan ... nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies or investment companies." Section 514(b)(2)(B), 29 U.S.C. Sec. 1144(b)(2)(B) (deemer clause).
 To summarize the pure mechanics of the provisions quoted above: If a state law "relate[s] to ... employee benefit plan[s]," it is pre-empted. Section 514(a). The saving clause excepts from the pre-emption clause laws that "regulat[e] insurance." Section 514(b)(2)(A). The deemer clause makes clear that a state law that "purport[s] to regulate insurance" cannot deem an employee benefit plan to be an insurance company. Section 514(b)(2)(B).
 Dedeaux, --- U.S. ----, 107 S.Ct. at 1551-52.
 The Supreme Court went on to observe that the question of federal pre-emption is based upon Congressional intent, and that "the express pre-emption provisions of ERISA are deliberately expansive." Id. 107 S.Ct. at 1552. Thus, Dedeaux suggests that the preference is in favor of pre-emption.
 
 
 [2]
 "There is no dispute that the common law causes of action asserted in Dedeaux's complaint 'relate to' an employee benefit plan and therefore fall under ERISA's express pre-emption clause, Sec. 514(a)." --- U.S. at ----, 107 S.Ct. at 1553
 
 
 [3]
 ERISA section 3, as set forth in 29 U.S.C. Sec. 1002, is the general definition section. Section 3(3) provides that "[t]he term 'employee benefit plan' or 'plan' means an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan." 29 U.S.C. Sec. 1002(3). The group medical insurance policies involved in this case clearly qualify as an "employee welfare benefit plan," which is defined in ERISA section 3(1) as
 any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment....
 29 U.S.C. Sec. 1002(1).
 
 
 [4]
 ERISA section 502(a)(1)(B), set forth in 29 U.S.C. Sec. 1132(a)(1)(B), provides that "[a] civil action may be brought--
 (1) by a participant or beneficiary--
 ....
 (B) to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan or to clarify his rights to future benefits under the terms of the plan."
 This provision of ERISA creates a federal claim, which has been held to broadly pre-empt state contract and tort claims. See Taylor, 107 S.Ct. at 1546-48; Dedeaux, 107 S.Ct. at 1556-58. This will allow, if not require, suit in federal court on an untold number of claims which previously could have been brought only in state court. While statistics are not readily available on the number of group insurance lawsuits heard in the courts, the potential magnitude of this shift is suggested by the facts that employer or union provided group health care plans covered 134.1 million persons in the United States in 1984, Statistical Abstract of the United States at 89 (107th ed. 1987), and private health insurance programs (the majority of which presumably qualify as group "plans") provided personal health care expenditures totalling $113.5 billion in 1985. Id. at 86.
 
 
 [5]
 Plaintiffs do not attempt to bring any of their other causes of action within the saving clause
 
 
 [6]
 See note 4 supra
 
 
 [7]
 Section 1441(c) provides that
 Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.