**Harley AMOS and Gail Amos,
Plaintiffs–Appellees,**

**v.**

**BLUE CROSS–BLUE SHIELD OF
ALABAMA and Jan Cullinghan,
Defendants–Appellants.**

No. 88–7287.

United States Court of Appeals,
Eleventh Circuit.

March 24, 1989.
Rehearing and Rehearing In Banc
Denied May 5, 1989.

Lange, Simpson, Lawrence B. Clark, Sally S. Reilly, Duncan B. Blair, Robinson & Somerville, Birmingham, Ala., for defendants-appellants.

Robert H. King, Daniel B. King, King & King, Gadsden, Ala., for plaintiffs-appellees.

Before FAY and ANDERSON Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

This action arises out of the alleged wrongful denial of claims for benefits under an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (1982) ("ERISA"). The plaintiffs, Harley and Gail Amos, originally brought this action in an Alabama state court against defendants Blue Cross–Blue Shield of Alabama as underwriter of the plan and Jan Cullinghan, an employee of Blue Cross (collectively, "Blue Cross"). The complaint asserted various state law violations including fraud and bad faith refusal to pay and sought

extra-contractual compensatory and punitive damages. Blue Cross immediately removed the action to the United States District Court for the Northern District of Alabama.

In November, 1987, Blue Cross filed a motion to strike claims for damages other than the contractual benefits sought in the plaintiffs' amended complaint, alleging that, under ERISA, extra-contractual and punitive damages are not recoverable as a matter of law. The district court denied Blue Cross' motion, 676 F.Supp. 1119, and leave to appeal that order subsequently was denied by this court in February, 1988. On March 9, 1988, Blue Cross filed a motion for reconsideration of the order denying its motion to strike. That motion was denied. 681 F.Supp. 1515. This court, on May 11, 1988, granted Blue Cross' petition for leave to appeal the trial court's interlocutory order denying Blue Cross' motion for reconsideration. The parties agree that this case involves a purely legal question and that there are no facts other than those set forth above which are relevant to the issue on appeal.

The issue in this case is whether the effect of ERISA preemption—which, at least for purposes of removal jurisdiction, converts state law causes of action into federal questions—is to completely eliminate state law causes of action relating to an ERISA plan, or whether ERISA preemption operates to "absorb" state law claims, allowing them to proceed unaffected in substance by the conversion. We hold that ERISA preemption is not a gateway but a barrier to state law causes of action, the effect of which is to completely displace state law claims. Accordingly, we reverse the district court's judgment.

ERISA comprehensively regulates, among other things, employee welfare benefit plans that, "through the purchase of insurance or otherwise," provide such benefits as, for example, insurance coverage for medical, surgical, or hospital care, or the payment of sums in the event of sickness, accident, disability or death. 29 U.S.C. § 1002(1); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 44, 107 S.Ct. 1549, 1551, 95 L.Ed.2d 39, 46 (1987).[1] ERISA contains six civil enforcement provisions, section 1132(a)(1)–(6), which set forth the remedies available to participants, beneficiaries, fiduciaries and the Secretary of Labor against parties that fail to comply with the statute's dictates. However, the various types of relief available to plaintiffs in civil actions brought pursuant to ERISA's civil enforcement scheme do not include extra-contractual or punitive damages. *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 148, 105 S.Ct. 3085, 3094, 87 L.Ed. 2d 96, 107 (1985); *Bishop v. Osborn Transp., Inc.,* 838 F.2d 1173, 1174 (11th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 90, 102 L.Ed.2d 66 (1988).[2] Thus, the plaintiffs cannot obtain the relief they seek here by pursuing a cause of action arising under ERISA. Rather, they are entitled to punitive damages only if some alternative theory of recovery grounded in state law is available to them.

ERISA, however, expressly preempts most state laws dealing with ERISA plans. 29 U.S.C. § 1144. Generally, if a state law relates to employee benefit plans, it is preempted, although a saving clause excepts from the preemption provision state laws which regulate insurance. *Dedeaux,* 481 U.S. at 45, 107 S.Ct. at 1552, 95 L.Ed.2d at 46. In the instant case, there can be no dispute that the common law causes of action asserted by the plaintiffs—bad faith refusal to pay, fraud and breach of contract—"relate to" an employee benefit plan and therefore fall within ERISA's express preemption clause. See *id.* at 47, 107 S.Ct. at 1553, 95 L.Ed.2d at 47–48. Also above question is that the plaintiffs' state law causes of action are not excepted from

1. The parties do not dispute that plaintiffs are beneficiaries of an ERISA plan.

2. Although the plaintiffs steadfastly maintain that the issue regarding whether punitive damages are available in civil actions brought pursuant to § 1132(a)(3) has not been conclusively settled, the Eleventh Circuit, following the lead of a half dozen other circuits, has unequivocally answered that question in the negative. *Bishop,* 838 F.2d at 1174.

ERISA preemption. See *id.* at 57, 107 S.Ct. at 1558, 95 L.Ed.2d at 54.

Blue Cross maintains that the effect of ERISA preemption is to wholly eliminate state law claims, leaving plaintiffs only the causes of action expressly provided for in the ERISA civil enforcement provisions. Blue Cross' position would be impregnable were it not for a single sentence in one of this court's opinions. In *Belasco v. W.K.P. Wilson & Sons, Inc.*, 833 F.2d 277, 282 (11th Cir.1987), this court, discussing whether removal was proper where plaintiffs' complaint raised only claims provided by state laws related to an ERISA plan, wrote that "ERISA pre-emption does not act as a defense to a state-law claim, which is the usual effect of federal preemption; instead, ERISA pre-emption converts the related claim into a federal question." In so stating, this court followed the Supreme Court's decision in *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). In that case, the Court held that the preemptive force of ERISA is so powerful that it completely displaces state law claims. As a result, a cause of action which relates to an ERISA plan, though it purports to be grounded in state law, "is necessarily federal in character by virtue of the clearly manifested intent of Congress" and is removable to federal court. *Taylor*, 481 U.S. at 67, 107 S.Ct. at 1548, 95 L.Ed.2d at 65.

The plaintiffs observe that neither the opinion in *Taylor*, nor the one in *Belasco*, addressed the question of the disposition of a state law claim following removal into federal court. They contend that the state law causes of action survive, permitting the recovery of such damages as would be available under the state substantive law. Blue Cross takes the position that the conversion of state law claims into federal questions described by the courts in *Taylor* and *Belasco* operates only to supply federal question removal jurisdiction. In this latter view, the state law causes of action do not thereafter provide alternative avenues to relief not mapped out in ERISA.

The plaintiffs' argument is a creative one, but there is little law to sustain it.

The district court's opinion effectively argued the cause but misread *Belasco* and *Bishop*. Moreover, the district court sidestepped the Supreme Court's decisions in *Dedeaux* and *Taylor*, and its reasoning has been undercut by a case subsequently decided in this court, *Anschultz v. Ct. Gen. Life Ins. Co.*, 850 F.2d 1467 (11th Cir.1988). In *Anschultz*, the court, following *Dedeaux*, affirmed the district court's order granting summary judgement in favor of the insurance company defendant on the ground that ERISA preempted the plaintiff's state common law and statutory claims. *Id.* at 1469 ("Where otherwise applicable, ERISA preempts all state law.") The plaintiff, seeking both compensatory and punitive damages based upon the alleged wrongful denial of long term disability benefits under a group insurance policy governed by ERISA, had originally filed his action in a Florida state court, and the defendant later removed the case to the federal district court. Although the Eleventh Circuit Court of Appeals in *Anschultz* may not have been asked to consider the effect of *Belasco* on the survival of a state claim following removal (indeed, the *Belasco* opinion is not cited in *Anschultz*), the court's holding implicitly rejected the notion that the state law claims continued to be viable.

Similarly, in *Dedeaux*, upon which this court principally relied in *Anschultz*, the Supreme Court upheld the district court's grant of summary judgment in favor of the defendant insurance company on the ground that the plaintiff's common law claims were preempted by ERISA. True, in *Dedeaux* the plaintiff originally had instituted the action in the district court on the basis of diversity of citizenship, and thus the Court did not need to consider the effect of the conversion of state law claims into federal questions. But it would be strange if the initial choice of forum were dispositive of the preemptive effect of ERISA. Rather, it would seem that to permit a state claim to continue following removal to a federal court would be contrary to the *Dedeaux* and *Anschultz* decisions, notwithstanding that under *Taylor* and *Belasco* such causes will survive pre-

emption long enough to form the basis for federal question jurisdiction.

Accordingly, we are compelled by controlling precedent to reverse the judgment of the district court. We acknowledge that by eliminating the possibility that insurance companies may be liable for punitive or extra-contractual damages, the courts are removing an historical disincentive to insurance company misbehavior. Consequently, our decision may produce unintended results. However, any change in the law's course will have to be charted by the Congress or the Supreme Court.

REVERSED and REMANDED.