I dissented in HealthAmerica v. Menton, 551 So.2d 235, 252
(Ala. 1989), cert. denied, 493 U.S. 1093, 110 S.Ct. 1166,107 L.Ed.2d 1069 (1990), not because I liked the doctrine of preemption (I do not), but for the following reasons:
 "I am not persuaded that civil actions for bad faith or fraud have anything to do with regulation of employee benefit plans or that the purpose for such actions is to affect the terms and conditions of employee benefit plans. However, I believe that this has been decided otherwise by a higher court; and I cannot justify holding that Menton's cause of action does not 'relate to' an employee benefit plan in order to save it from preemption, when the causes of action asserted in Pilot Life [Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)], for tortious breach of contract and fraud in the inducement and the causes of action asserted in Belasco [v. W.K.P. Wilson Sons, Inc., 833 F.2d 277 (11th Cir. 1987),] for bad faith and fraud were held to 'relate to' employee benefit plans and therefore to be preempted. To so hold would be to make a distinction without a difference."
The second paragraph of Article VI of the Constitution of the United States (the supremacy clause) required that I vote to hold that Menton's cause of action was preempted.
Ingersoll-Rand Co. v. McLendon, ___ U.S. ___, 111 S.Ct. 478,112 L.Ed.2d 474 (1990), clarified the preemption question. The cause of action was preempted, with no ifs, ands, or buts about it. This Court in this case recognizes that.
In my dissent in HealthAmerica v. Menton, 551 So.2d at 249-56, I proposed doing what a unanimous United States Supreme Court in Ingersoll-Rand Co. indicated could be done and what this Court is indicating can be done in this case:
 "I, as a member of the Supreme Court of Alabama, will not thwart an opportunity for a remedy for one whose right to a particular remedy was foreclosed. . . . It seems appropriate and altogether just to invoke equitable relief, which is afforded by 29 U.S.C. § 1132(a)(3), to one whose civil cause of action was foreclosed by an expansion of the ERISA preemption. . . .
 "I would reverse and remand to permit Menton to amend and proceed with a cause of action under ERISA, 29 U.S.C. § 1132(a)." *Page 1299 
551 So.2d at 255-56 (Houston, J., dissenting).
In this case, this Court does exactly what I suggested that the Court should have done in my dissent inHealthAmerica. I join the majority, for, two years afterHealthAmerica, it has joined me.
MADDOX, J., concurs.