Earl BROWN and Linda Brown, Plaintiff(s)

v.

**BLUE CROSS AND BLUE SHIELD OF ALABAMA, et al., Defendant(s).**

Civ. A. No. 92–D–659–E.

United States District Court, M.D. Alabama, E.D.

Sept. 29, 1993.

Benny Charles Hand., Jr., Auburn, AL, William R. King, Montgomery, AL, for plaintiffs.

George M. Boles, James L. Priester, Sarah E. Yates, Birmingham, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Now before the court is the plaintiffs' motion for remand, filed August 30, 1993. For

the reasons discussed below, the court finds that plaintiffs' motion is due to be denied.

## FACTS

Earl Brown was an employee of Neely Truck Line, Inc. ("Neely"), who participated, along with his wife, Linda, in the company's group health plan. Blue Cross and Blue Shield of Alabama ("Blue Cross") was the plan's insurer. During 1990, Neely failed to remit moneys deducted from employees' paychecks to Blue Cross. Blue Cross notified Neely that a continued failure to make payments for the premiums would result in the cancellation of the plan. After six months of not receiving payment, in June 1991, Blue Cross retroactively terminated the employee's insurance coverage to be effective in January, 1991. According to the Browns, Neely suppressed that information until they had secured another company to cover their employees. Neely allegedly represented to their employees that the new company, Principal, offered superior coverage to Blue Cross. The Browns claim that while relying on Neely's representations of better coverage, they agreed to participate in the new plan, all the while not knowing that the Blue Cross coverage had been canceled. According to the Browns, the new insurance plan did not cover Mrs. Brown's diabetic condition and was a lower quality insurance program.

## PROCEDURAL HISTORY

The Browns originally filed an action for fraud, breach of contract, breach of fiduciary duty, conversion, and bad faith against both Blue Cross and Neely in the Circuit Court of Montgomery County. The defendants removed the action to this court asserting that the court had subject matter jurisdiction under ERISA. Blue Cross has been dismissed by the court pursuant to a settlement agreement, and the remaining defendant is Neely. The Browns have since amended their complaint to include only a claim for fraud in the inducement. The Browns now move the court to remand the action back to state court.

## CONTENTIONS

The Browns contend that the court should "use restraint in the exercise of federal question jurisdiction both out of respect for a state court's judicial system and in furtherance of the interests of substantial justice." In support of that contention, they argue that although ERISA is "super-preemptive" in nature, the action should be remanded because the Alabama Supreme Court, in *Health Am. v. Menton,* 551 So.2d 235 (Ala. 1989), held that fraud in the inducement is not preempted by ERISA. By holding that fraud in the inducement is not preempted, the Browns argue that the supreme court has made Alabama an unusual jurisdiction within the Eleventh Circuit. As a result of that alleged distinction, the Browns argue that the court should disregard clear Eleventh Circuit precedent and remand the action to the state court. Even though the court may well agree with the Supreme Court of Alabama, it simply does not have the power to disregard what it considers to be clear precedent of the Eleventh Circuit Court of Appeals.

## DISCUSSION

■ ERISA preemption, rightly or wrongly, operates to convert state law claims into federal questions and is "not a gateway but a barrier to state law causes of action, the effect of which is to completely displace state law claims." *Amos v. Blue Cross and Blue Shield,* 868 F.2d 430, 431 (11th Cir.), *cert. denied,* 493 U.S. 855, 110 S.Ct. 158, 107 L.Ed.2d 116 (1989). Because it bars state claims, ERISA's preemption clause encourages the formation of benefit plans by "minimiz[ing] the administrative and financial burden of complying with conflicting directives among States or between States and the Federal Government." *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 142, 111 S.Ct. 478, 484, 112 L.Ed.2d 474 (1990).

■ All state law claims that "relate to" an employment benefit plan are preempted, and a claim relates to the plan if "it has a connection to or reference to such a plan." *Shaw v. Delta Air Lines,* 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). According to the Court of Appeals for the Elev-

enth Circuit, a state law cause of action "relates to" an employee benefit plan if the employer's conduct giving rise to such claim was not 'wholly remote in content' from the benefit plan. *Clark v. Coats and Clark, Inc.*, 865 F.2d 1237, 1243 (11th Cir.1989); *see Sanson v. General Motors*, 966 F.2d 618 (11th Cir.1992) (holding that the employee's state law claim of false misrepresentation against employer where the employer misrepresented the availability of benefits was preempted by ERISA), *cert. denied*, — U.S. —, 113 S.Ct. 1578, 123 L.Ed.2d 146 (1993). In *Farlow v. Union Cent. Life Ins.*, 874 F.2d 791 (11th Cir.1989), the Eleventh Circuit held that a state law claim for fraudulent misrepresentation about the coverage of a group insurance plan was preempted by ERISA. The facts in *Farlow* closely resemble the present case. In *Farlow*, beneficiaries under an employee group health plan brought an action against the insurance company and the insurance agent for falsely representing that the plan they were selling provided maternity and pregnancy coverage when it did not. While relying on those false representations, the beneficiaries changed insurance coverage from one plan to the plan sold by the defendants. The court in *Farlow* held that the plaintiffs' claim for fraudulent misrepresentation was preempted by ERISA. *Id.* at 794.

The Browns allege that Neely fraudulently induced them into participating in the new plan by misrepresenting the range of coverage that they would be given. The court finds that Neely's alleged misrepresentations concerning the new group insurance plan are not "wholly remote" and do relate to the Browns' failure to receive the same quality of coverage in the second group insurance plan as provided by Blue Cross. As a result of that finding and while cognizant of the "super-preemptive" nature of ERISA, the court also finds that the Browns' state law claim for fraud in the inducement is preempted by ERISA.

Lastly, the Browns urge the court to remand their cause of action because the available remedies under ERISA are inadequate to compensate them for their injuries. While the court may well agree, an argument that ERISA provides an inadequate remedy is insufficient to overcome the language of the statute. *First Nat'l Life Ins. v. Sunshine–Jr. Food Stores*, 960 F.2d 1546, 1550 (11th Cir.1992), *cert. denied*, — U.S. —, 113 S.Ct. 1045, 122 L.Ed.2d 354 (1993).

In sum, it is CONSIDERED and ORDERED that the plaintiffs' motion for remand be and the same is hereby DENIED.