Edna L. WILLIAMS, Plaintiff,

v.

BENICORP INSURANCE CO., et al., Defendants.

No. 5:01–CV–508–1(WDO).

United States District Court, M.D. Georgia, Macon Division.

March 12, 2002.

Mr. Charles Madden Cork, III, Ms. Katherine Lee McArthur, Mr. W. Carl Reynolds, Macon, GA, for plaintiff.

Mr. Daniel S. Reinhardt, Atlanta, GA, Alice McKenzie Morical, Andrew W. Hull,

Indianapolis, IN, Richard A. Rominger, Savannah, GA, for defendants.

## ORDER

OWENS, District Judge.

This matter is before the Court on Plaintiff's Motion to Remand. This case involves Plaintiff's claims against Defendant Benicorp for failure to provide certain benefits under her late husband's group health insurance policy: i.e., a lung transplant. Plaintiff also asserts claims against Defendant Bosworth & Associates, the insurance broker, for its alleged failure to provide certain documentation required by Benicorp before it would approve of the claim in question. Plaintiff contends that Bosworth's failure to timely provide this information was partly the cause for Benicorp's refusal to provide health insurance benefits and consequently partly the cause of her husband's death. Plaintiff contends that Benicorp's failure to timely approve the request for benefits to fund the transplant also contributed to her husband's death.

Plaintiff filed her Complaint on November 16, 2001 in the State Court of Bibb County, State of Georgia. Defendant Benicorp removed the case to this Court on December 19, 2001. In the Notice of Removal, Benicorp stated Defendant Bosworth had not yet determined whether to consent to removal. *See* Notice of Removal at ¶ 21. However, on December 24, 2001, Defendant Bosworth filed its Answer in this Court. On February 20, 2002, this Court entered an Order allowing Benicorp to file an amended Notice of Removal to provide further details of the super-preemption of the claims against Bosworth.

Plaintiff seeks to have this case remanded back to the state court because Defendant Bosworth did not officially join in the Notice of Removal and did not file notice of its official consent within the 30 days required by 28 U.S.C. § 1441(b). Defendant Benicorp contends that because of the nature of the claims against Defendant Bosworth the claims are super-preempted and are thus properly in federal court.

Prior caselaw from the Eleventh Circuit clearly supports Defendant's argument. In *Belasco v. W.K.P. Wilson & Sons, Inc.*, the court of appeals held that claims against the insurance company and the broker were properly in federal court. *Belasco v. W.K.P. Wilson & Sons, Inc.*, 833 F.2d 277 (11th Cir.1987). In *Belasco*, the court found the broker's failure to join in the notice of removal was not dispositive. The court held the entire case should be heard in federal court because of ERISA's super-preemption of claims that "relate to" an employee welfare benefit plan and because of the nature and complexity of claims involving an insurance company and the broker. *Id.* at 282.

In *Morstein v. National Ins. Servs.*, the court of appeals heard a similar jurisdictional issue involving an agent's fraudulently inducing the plaintiff into purchasing the health insurance policy in question. *Morstein v. National Ins. Servs.*, 93 F.3d 715 (11th Cir.1996). The court answered a very narrow question that distinguishes *Morstein* from the case at bar. In *Morstein*, the court held a state law claim involving a plaintiff's reliance on an insurer's allegedly fraudulent inducement to purchase a policy does not "relate to" an ERISA plan and was not preempted. *Id.* at 723. This was because the agent in *Morstein* "had no control over the payment of benefits or a determination of Morstein's rights under the plan." *Id.* The court noted the holding in that case was clearly not applicable where an insured's claim involved the scope of the coverage of the plan in question. *Id.*

In *Garren v. John Hancock Mutual Life*, the court held "[a] party's state law claim 'relates to' an ERISA benefit plan for purposes of ERISA preemption when-

ever the alleged conduct at issue is intertwined with the refusal to pay benefits." *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186 (11th Cir.1997) (citing *Farlow v. Union Cent. Life Ins. Co.*, 874 F.2d 791 (11th Cir.1989)) (plaintiffs' state law claims are preempted where the claims were both contemporaneous with the insurer's refusal to pay benefits and the alleged conduct was intertwined with the refusal to pay benefits). In *Garren*, the court concluded that where a state law claim brought against a non-ERISA entity, such as a broker, affects the relationship between the ERISA entities, the state law claim is preempted. *Garren*, 114 F.3d at 188. With those facts, the proper focus is not on the relationship between the parties but on the relationship between the alleged conduct and the refusal to pay benefits. *Id.*

Based on this precedent, Plaintiff's claims are likely all super-preempted by ERISA and should remain in this Court. Bosworth's failure to officially join in the Notice of Removal does not mandate remand to state court. Bosworth's Answer filed five days after removal indicates its consent to the jurisdiction of this Court. More important, Plaintiff contends Bosworth's alleged failure to provide certain documentation and other information to Benicorp was the cause for Benicorp's initial refusal to pay for the lung transplant. Based on these facts, there is a direct connection between the actions of the broker and the denial of benefits. Prior case law indicates these facts "relate to" the employee welfare benefit plan and are thus more properly heard in this court. Accordingly, Plaintiff's Motion to Remand is **DENIED.**