**CARDINAL FASTENER & SPECIALTY COMPANY, INC., Plaintiff–Appellant,**

v.

**PROGRESS BANK, Defendant–Appellee.**

No. 01–4353.

United States Court of Appeals, Sixth Circuit.

June 12, 2003.

**344**

BEFORE: BOGGS and DAUGHTREY, Circuit Judges, and OBERDORFER,* District Judge.

PER CURIAM.

The plaintiff, Cardinal Fastener & Specialty Co., originally filed suit in state court against defendants Progress Bank, Allied Nut & Bolt Co., Allied's principals, Michael Rosenstock and Jerome Rosenstock, and House of Threads, to whom Allied's facility was sold post-liquidation. The suit alleged that the defendants were liable to the plaintiff for an unpaid debt in the amount of $87,403.88. The defendants removed the action to federal court, where a bench trial ensued against Progress Bank, following entry of a default judgment against Allied and dismissal of the other defendants. The plaintiff now ap-

peals from the judgment of the district court holding that the bank, as a secured creditor of Allied, was not responsible for payment of Allied's debt on theories of corporate successor liability, lender control liability, fraud, or conspiracy to commit fraud. Cardinal Fastener also asks this court to hold that the case was improperly removed to federal court and that the district court erred in excluding from evidence the deposition of a proposed witness for the plaintiff. Because we conclude that the district judge did not err in any of these rulings, we affirm the judgment rendered in favor of Progress Bank.

We note initially that this matter was properly removed to federal court even though Allied's "joinder in removal" was not signed by an attorney, but by the company's president, because—as the district court found—Allied was only a nominal party. *See United Computer Sys., Inc. v. AT & T,* 298 F.3d 756, 762 (9th Cir. 2002).

As the district court further found, Allied had been a customer of Cardinal's for some period of years and, slow to settle its accounts, had run up a substantial debt of almost $90,000 to Cardinal by the time it ran into serious financial difficulties in 1999. Late that year, Allied entered into an agreement to surrender its assets to Progress Bank, Allied's fully secured lender, to whom Allied then owed over $2 million. Although Allied continued to do business—with Cardinal and other customers—for the next two months, Progress Bank took over management of Allied's financial affairs in order to maximize the debtor's assets and protect the bank's secured interest in those assets. In accordance with the terms of the agreement

---

* The Hon. Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

between the bank and Allied, the business was then liquidated and subsequently sold to House of Threads. Progress Bank ultimately did not collect the full amount owed by Allied on its $2 million indebtedness, and Cardinal collected nothing on its accounts receivable. This litigation followed.

Cardinal Fastener obtained a (worthless) default judgment against Allied and voluntarily dismissed the Rosenstocks and House of Threads, leaving only Progress Bank as an active defendant. The district court held that the bank was not liable to the plaintiff on any of its claims, addressing the bank's purported lender control liability under the "doctrine of instrumentality" and the plaintiff's allegations of fraud and conspiracy. At the oral argument of this case, counsel for Cardinal Fastener did not seriously contest the district court's rulings on those claims, and we specifically adopt the reasoning set out in the court's memorandum opinion and order dated November 20, 2001, in affirming that portion of the judgment entered below.

The plaintiff does complain, however, about the district court's failure to review its claim that, under applicable state law, Progress Bank was liable for Allied's debts as its corporate successor. Citing *Dawejko v. Jorgensen Steel Co.*, 290 Pa.Super. 15, 434 A.2d 106 (1981), the plaintiff submits that Progress Bank should be found liable for Allied's debt to Cardinal Fastener if any of the following situations is present:

> (1) the purchaser expressly or impliedly agrees to assume such obligation; (2) the transaction amounts to a consolidation or merger; (3) the purchasing corporation is merely a continuation of the selling corporation; ... (4) the transaction is fraudulently entered into to escape liability[;] ... [ (5) ] ... the transfer was without adequate consideration

and provisions were not made for creditors of the transferor.

*Id.* at 107.

■ The analysis suggested by the plaintiff breaks down in this situation, however, for the simple reason that, unlike in *Dawejko*, Progress Bank did not "acquire" all or substantially all of the assets of Allied for the purpose of competing in Allied's industrial sphere. Progress Bank is not in the business of manufacturing or providing screws, nuts, and bolts. Axiomatically, Progress Bank is a bank, a lending organization to which Allied was indebted and to which Allied failed to make required loan repayments. Consequently, Progress Bank, in order to protect its investment, merely oversaw the liquidation of Allied so as to minimize further depletion of that corporation's assets that could be used to lessen the secured indebtedness. To the extent that the bank did more than immediately liquidate all assets of Allied, it prudently sought to maximize the assets of the borrower by completing, with materials on hand or readily available, contracts into which Allied had already entered.

Progress Bank did not either expressly or impliedly assume Allied's obligation to Cardinal Fastener. It clearly did not merge its banking business with Allied's manufacturing activities or alter its own functions to "continue" as a participant in the nut and bolt industry. Finally, any transaction or transfer that took place was not an effort to escape liability or defraud other creditors, but rather, merely an attempt to protect the bank's own secured interest. Even under the analytical framework suggested by Cardinal Fastener, therefore, Progress Bank cannot be considered a successor to Allied's corporate position.

Finally, Cardinal Fastener contends that the district court erred in refusing to ad-

mit into evidence the videotaped deposition of Allied president Jerome Rosenstock. As with all other evidentiary rulings, the decision of a district court not to admit a videotaped deposition is reviewed by this court only for an abuse of discretion. *See Trepel v. Roadway Express, Inc.,* 194 F.3d 708, 716 (6th Cir.1999) (citing *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 141, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997)). "An abuse of discretion exists when the district court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *First Tech. Safety Sys., Inc. v. Depinet,* 11 F.3d 641, 647 (6th Cir.1993). None of these grounds for reversal of the district court's ruling is present in this matter.

It is true, as argued by Cardinal Fastener, that the district judge initially allowed the deposition of Jerome Rosenstock to be admitted into evidence. The later reversal of that decision cannot, however, be considered an abuse of discretion under the facts of this case. Even though trial in this matter was scheduled for September 20, 2001, and the discovery deadline set by the court had long since passed, the plaintiff's attorney first gave notice that he intended to offer a videotaped deposition of Rosenstock's testimony as trial evidence at approximately 3:00 p.m. on September 18, 2001. Moreover, in that notice, he explained that the deposition would occur out-of-jurisdiction the following afternoon, the day before trial was to begin. Under such circumstances, and faced with the task of preparing for the impending trial, the attorney for Progress Bank chose not to attend the deposition.

▮ Rule 32(a) of the Federal Rules of Civil Procedure provides that a deposition of a witness may substitute for trial testimony under certain conditions. According to the language of the rule, however, such deposition may only be used "against any party *who was present or represented at the taking of the deposition or who had reasonable notice thereof....* " (Emphasis added.) Because these preconditions were not satisfied in this instance, for reasons for which the plaintiff bears the primary responsibility, we conclude that the district court did not abuse its discretion in ruling that the testimony was inadmissible.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in entering judgment for the defendant, Progress Bank. Accordingly, we AFFIRM the judgment of the district court for the reasons noted above and based upon the reasoning set out by the district court in its memorandum opinion dated November 20, 2001.