GMFS, L.L.C., Plaintiff,

v.

Robert BOUNDS, et al., Defendants.

No. CIV.A. 03–0348–WS–M.

United States District Court,
S.D. Alabama,
Southern Division.

Aug. 8, 2003.

Charles William Daniels, Jr., James R. Turnipseed, Bowron, Latta & Wasden, PC, Mobile, AL, for Plaintiff.

George R. Irvine, III, Stone, Granade & Crosby, P.C., Daphne, AL, Shawn Tavel Alves, Stone, Granade & Crosby, P.C., Bay

Minette, AL, David A. Bagwell, Fairhope, AL, Thomas P. Ollinger, Jr., Barry L. Thompson, Mobile, AL, for Defendants.

## ORDER ON MOTION TO REMAND

STEELE, District Judge.

This matter is before the Court on the plaintiff's motion to remand. (Doc. 10). The Court-ordered briefing has been completed, (Docs. 19, 20), and the motion is now ripe for resolution. After carefully considering the foregoing materials, as well as all other relevant materials in the file, the Court concludes that the motion to remand is due to be granted.

The original complaint was filed in state court on or about July 17, 2002. Named as defendants were: (1) Robert Bounds; (2) Constance Stanley (allegedly the common-law wife of Bounds); (3) Doug Houston; and (4) Doug Houston & Associates (collectively, "Houston"). Service was promptly obtained as to Houston but was not obtained as to Bounds or Stanley, with the return of service marked, "not found." The original complaint alleged only state-law claims and sought compensatory damages of an indeterminate amount. Although complete diversity of citizenship apparently existed, removal was precluded by 28 U.S.C. § 1441(b) because Houston is a citizen of Alabama.

The case proceeded in state court for almost a year, generating considerable discovery, several orders of court and a motion for summary judgment. In February 2003, with Bounds and Stanley still unserved, the plaintiff filed a motion to per-mit service on these defendants by publication, which motion the trial judge granted on February 24, 2003. Bounds and Stanley were served by publication effective May 9, 2003.

Meanwhile, the plaintiff filed an amended complaint on or about April 30, 2003. Houston was served with the amended complaint by service on his attorney on or about May 1, 2003. The amended complaint added several defendants and several counts, including one against all defendants for civil violations of RICO. The notice of removal, based on federal question, was then timely filed on May 30, 2003. All defendants save Bounds and Stanley joined in the removal. The plaintiff argues that remand is required because Bounds and Stanley did not join in or consent to removal.

■ Congress has specified that "[a] defendant or defendants desiring to remove any civil action ... shall file in the district court ... a notice of removal ...." 28 U.S.C. § 1446(a). Although this language does not expressly contemplate that removal be agreed to by all defendants, "[t]he unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001).[1] The parties have been unable to locate any case considering whether a defendant served by publication falls within this "rule of unanimity," and the Court's research has been only marginally more productive.[2] Thus, the defendants' argument proceeds more indirectly. As their

---

1. *Accord In re Federal Savings & Loan Insurance Corp.*, 837 F.2d 432, 434 n. 2 (11th Cir.1988); *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen and Assistants' Local*

    349, 427 F.2d 325, 326–27 (5th Cir.1970)("*Local 349*").

2. The single case identified by the Court, although short on analysis, supports the plain-

first line of attack, the defendants identify several recognized exceptions to the rule of unanimity and suggest that Bounds and Stanley fall within at least one of them.

■ The defendants note, correctly, that "nominal" defendants need not join in or consent to removal.[3] The defendants then argue that Bounds and Stanley are "likely to be defaulted" and "will clearly play no role whatever in this lawsuit" and so are nominal defendants "in every common sense meaning of the term." (Doc. 19 at 8). Whatever the common-sense meaning of a "nominal party," Mr. Black defines it as "a party who, having some interest in the subject matter of a lawsuit, will not be affected by any judgment but is nonetheless joined in the lawsuit to avoid procedural defects," giving as an example "the disinterested stakeholder in a garnishment action." *Black's Law Dictionary* 1145 (7th ed.1999). Defendants (if such be Bounds and Stanley) willing to suffer default rath-

er than defend themselves may be *un* interested in the litigation, but they are hardly *dis* interested. While courts applying the "nominal defendant" exception to the rule of unanimity have defined the term in varying ways, none of these formulations even colorably describes Bounds and Stanley.[4] The defendants are understandably frustrated that Bounds and Stanley are not aggressively defending this case, but "an obdurate litigant is not on that account a nominal one." *In re Amoco Petroleum Additives Co.*, 964 F.2d 706, 711 (7th Cir.1992)(describing defendants that refused to respond to a demand for arbitration, answer the complaint, or join in removal). In short, Bounds and Stanley are not nominal parties to this litigation.

■ The defendants next note that a defendant fraudulently joined to defeat removal need not join in or consent to removal. Again, this is a correct proposition of law,[5] but it has no application here. A

---

tiff's position. *See Godley v. Valley View State Bank,* 2000 WL 1863375 at *1 (D.Kan.2000)(because a non-joining defendant "had been properly served [by publication] at the time of removal, his consent was required for removal under the unanimity rule").

3. *E.g., Farias v. Bexar County Board of Trustees,* 925 F.2d 866, 871 (5th Cir.1991); *Cardinal Fastener & Specialty Co. v. Progress Bank,* 67 Fed.Appx. 343, 344, 2003 WL 21375620 at *1 (6th Cir.2003); *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 369 (7th Cir.1993); *Thorn v. Amalgamated Transit Union,* 305 F.3d 826, 833 (8th Cir.2002); *United Computer Systems, Inc. v. AT & T Corp.,* 298 F.3d 756, 762 (9th Cir.2002). The Eleventh Circuit follows this rule. *Hart v. Yamaha–Parts Distributors, Inc.,* 787 F.2d 1468, 1469–70 (11th Cir.1986); *Tri–Cities Newspapers v. Local 349,* 427 F.2d at 327; *cf. Hernandez v. Seminole County,* 334 F.3d 1233, 1235–36 (11th Cir.2003)(remand for violation of the rule of unanimity, based on rejection of the defendants' view that the non-joining defendants were nominal parties, was not reviewable on appeal).

4. *See, e.g., Thorn v. Amalgamated Transit Union,* 305 F.3d at 833 (nominal defendants are "those 'against whom no real relief is sought' ")(quoting *Pecherski v. General Motors Corp.,* 636 F.2d 1156, 1161 (8th Cir.1981)); *Shaw v. Dow Brands,* 994 F.2d at 369 ("A defendant is nominal if there is no reasonable basis for predicting that it will be held liable."); *Farias v. Bexar County Board of Trustees,* 925 F.2d at 871 ("To establish that non-removing parties are nominal parties 'the removing party must show ... that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.' ")(quoting *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981)). Indeed, even the defendants define the term as encompassing only those "against whom no relief is sought." (Doc. 19 at 4–5).

5. *See, e.g., Steel Valley Authority v. American Standard, Inc.,* 809 F.2d 1006, 1009 n. 2 (3rd Cir.1987); *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir.1993); *United Computer Systems v. AT & T,* 298 F.3d at 762; *cf. Hernandez v. Seminole County,* 334 F.3d 1233,

defendant (typically a resident of the forum) is fraudulently joined if "there is no possibility that the plaintiff can prove a cause of action against" him. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998). The defendants do not suggest that Bounds and Stanley were fraudulently joined under this test, and the record discloses no basis on which any such assertion could tenably be advanced.[6]

■ The defendants next note that a defendant that has not been served with process need not join in or consent to removal. Once again the defendants are correct,[7] but they admit that Bounds and Stanley were served with process as of May 9, 2003, three weeks before the notice of removal was filed.

■ Finally, the defendants note that the citizenship of fictitious defendants may be disregarded in determining diversity of citizenship.[8] While unstated, the defendants presumably intended to note that fictitious defendants need not join in or consent to removal.[9] As missing persons served by publication, Bounds and Stanley may be invisible, but they are not fictitious.

The defendants argue that, even if Bounds and Stanley do not fit within the confines of any recognized exception to the rule of unanimity, the sum of these exceptions reflects that the rule "leaks like a sieve" so that it is or should be amenable to further assault in the context of defendants served by publication. The Court finds the rule of unanimity more watertight than advertised and not subject to breach in this case.

■ The exception for unserved defendants rests on the "bedrock principle" that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). If, as in *Murphy Brothers*, an unserved defendant cannot be required to

---

1235-36 (remand for violation of the rule of unanimity, based on rejection of the defendants' view that the non-joining defendants were fraudulently joined, was not reviewable on appeal).

6. The Eleventh Circuit has also used the term "fraudulent joinder" to describe situations when "there is outright fraud in the plaintiff's pleading of jurisdictional facts" or "a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs v. John Crump Toyota*, 154 F.3d at 1287. The first situation arises when the plaintiff falsely alleges that a diverse defendant is nondiverse. *See B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 n. 8 (5th Cir.1981). Neither situation remotely resembles the present one.

7. *See, e.g., Lewis v. Rego Co.*, 757 F.2d 66, 69 (3rd Cir.1985); *McKinney v. Board of Trustees*, 955 F.2d 924, 925 (4th Cir.1992); *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n. 3 (6th Cir.1999); *Shaw v. Dow Brands*, 994 F.2d at 369.

8. Since 1988, this result has been dictated by statute. *See* 28 U.S.C. § 1441(a). Previously, courts diverged in their treatment of the issue. *See generally* Comment, *John Doe, Where Are You? The Effects of Fictitious Defendants on Removal Jurisdiction in Diversity Cases*, 34 Ala. L.Rev. 99 (1983).

9. *See, e.g., Green v. America Online*, 318 F.3d 465, 470 (3rd Cir.), *petition for cert. filed*, 72 U.S.L.W. 3105 (2003); *United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d at 762.

remove, neither can he or she be required to join in or consent to removal by another defendant.[10] The exception for fictitious defendants rests on similar grounds; a fictitious defendant is necessarily one that, due to its unknown identity, has not been served with process. Both nominal defendants and fraudulently joined defendants have no personal stake in the litigation because relief against them is either not sought or not possible.

The rationales supporting these exceptions to the rule of unanimity do not justify excepting defendants served by publication on that basis alone. Because such defendants have been served, they cannot be excepted on the grounds they are not subject to the "procedural impositions" of litigation. Because affirmative relief is sought against them under claims that may succeed, they cannot be excepted on the grounds they have no stake in the litigation.[11] Nor are these exceptions supported by rationales so broad or so light as to suggest that additional exceptions may be easily engrafted on the rule.

Finally, the defendants suggest that the Eleventh Circuit has embraced an amorphous exception to the rule of unanimity, triggered whenever "the ends of justice and judicial efficiency are best served" by ignoring the rule. In *Belasco v. W.K.P. Wilson & Sons, Inc.,* 833 F.2d 277 (11th Cir.1987), the plaintiffs sued an insurance carrier and an insurance broker on purely state-law claims. In prescient anticipation of *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), the carrier removed the case to federal court. The broker did not join in the removal but fully participated in the litigation thereafter. Upon interlocutory review of the trial court's denial of a motion for summary judgment based on preemption, the Court focused on the superpreemption doctrine and the defensive

---

**10.** The defendants gallantly but futilely strive to read *Murphy Brothers* as requiring "actual, personal service" in order to trigger a defendant's removal (and other) rights and obligations. (Doc. 19 at 7). While the facts in *Murphy Brothers* involved service by certified mail, the Court identified the necessary predicate to "any procedural imposition on a named defendant" as "service of process," 526 U.S. at 350, 119 S.Ct. 1322, not "actual, personal service of process."

With similar success, the defendants insist that *Murphy Brothers* pegs all on "the solemn ceremony of physically getting and handling a complaint," (Doc. 19 at 7), something that does not occur when a defendant is served by publication. *See* Ala. R. Civ. P. 4.3(d)(3). On the contrary, the *Murphy Brothers* Court expressly noted that when, as here: (1) process is served; (2) the complaint is filed; and (3) local rules do not require service of the complaint, "the removal period runs from the date the complaint is made available through filing." 526 U.S. at 354, 119 S.Ct. 1322.

In short, it is not only the physical delivery of a summons and complaint that triggers a defendant's rights and obligations, but also "service of [an]other authority-asserting measure stating the time within which the party served must appear and defend." 526 U.S. at 350, 119 S.Ct. 1322. This definition precisely captures service by publication.

**11.** The Fifth Circuit has explained that fraudulently joined defendants need not join in or consent to removal because they are not "proper defendant[s]." *Jernigan v. Ashland Oil,* 989 F.2d at 815. As noted previously, fraudulent joinder may be based on misjoinder of a nondiverse defendant against whom the plaintiff has a bona fide claim. Presumably, such a defendant would not have to join in or consent to removal because, though a proper defendant in general, he is not a proper defendant to the removed lawsuit. As also noted previously, fraudulent joinder may be based on a plaintiff's fraudulent allegations that a diverse defendant is nondiverse. The Court is aware of no case exempting such a defendant from the rule of unanimity on this basis. Such an exemption would make little sense, as the defendant is a proper defendant, albeit a misdescribed one.

preemption of the plaintiffs' claims. *See id.* at 277–82. Addressing in conclusion the broker's failure to join in removal, the Court stated, "[W]e must agree with [the defendants] that given the novelty, complexity, and technicality of this question, the ends of justice and judicial efficiency are best served by treating the removal petition as if it had been amended to include [the broker]." *Id.* at 282.[12]

*Belasco* does not aid the defendants here. At most, *Belasco* stands for the proposition that a removal defective for non-compliance with the rule of unanimity may, in rare circumstances, be retroactively cured by an adequate post-removal expression of consent by the previously silent defendant. Here, of course, Bounds and Stanley have provided no such expression. Even had they done so, the defendants have identified no "novelty, complexity [or] technicality" that could support a conclusion that either the ends of justice or judicial efficiency would be advanced by accepting such a tardy expression in this case.

Instead, the defendants describe Bounds and Stanley as "fraudulently evading service" and suggest that such defendants "cannot be contacted by other defendants about becoming part of a unanimity in order to remove the case." (Doc. 19 at 3, 6). There is, however, little evidence that Bounds and Stanley are fraudulently evading service [13] and none that the defendants "cannot" contact Bounds and Stanley. The defendants' brief conspicuously fails to assert that they have made any effort to locate and contact Bounds or Stanley, either before or after the amended complaint made removal possible. Rather, they appear to assume that an individual evading contact with representatives of the plaintiff in order to avoid service will also evade contact with representatives of co-defendants—even after service of publication renders evasion pointless—so that defense efforts to contact such a defendant are futile and excused. The Court cannot accept this assumption as a substitute for an evidentiary showing that Bounds and Stanley were in fact inaccessible to the defendants. Among other ills, to accept the assumption would encourage defendants in similar situations not to contact other defendants and thereby run the risk of receiving a fatal vote against removal.

More fundamentally, even if the defendants had properly shown that they had made satisfactory efforts to contact Bounds and Stanley, the burden of disappearance falls on them and not the plaintiff. The rules governing removal have been deliberately drawn up to favor the plaintiff's right to its chosen state forum, and these defendants may not be excused from complying with those rules simply because it is inconvenient or even impossible to comply with them; a rule that unanimity is required unless it cannot be obtained is no rule at all. The rule of unanimity is a "bright line limitatio[n] on federal removal jurisdiction ... that some might regard as arbitrary and unfair," but it is "an inevitable feature of a court

**12.** The defendants erroneously substitute "unanimous" for "amended to include [the broker]" in their quotation from *Belasco,* and their argument proceeds from, and hinges upon, this misquote. (Doc. 19 at 5–6, 8).

**13.** There is evidence that, in a prior, related lawsuit, Bounds denied his identity when a process server attempted to serve him at his home. (Doc. 6, attachment). There is no evidence that Bounds or Stanley are "fraudulently evading service" in this lawsuit other than the independently unremarkable fact that they moved—apparently before this lawsuit was filed—without telling the plaintiff their new address. (*Id.*).

system of limited jurisdiction that strictly construes the right to remove." *Russell Corp. v. American Home Assurance*, 264 F.3d at 1050.[14] It will be enforced in this case.[15]

In summary, the failure of Bounds and Stanley to join in or consent to the removal of this action constitutes a procedural defect in the removal process. Because the plaintiff timely moved to remand on this basis, the motion to remand is granted. This case is hereby remanded to the Circuit Court of Mobile County, Alabama.

14. The result in this case is certainly no more "arbitrary and unfair" than in cases not involving service by publication. Removal is precluded, for example, if a defendant would have agreed to removal but dies or disappears, becomes distracted by other matters, or succumbs to procrastination or forgetfulness. Removal is likewise precluded, for example, if a defendant refuses to agree to removal due to an irrational fear of lawyers or a deep loathing of his co-defendants.

15. As the dearth of case law suggests, the Court doubts that removal will often be frustrated by the failure of a defendant served by publication to join in or consent to removal. Because Alabama law generally requires efforts at actual service before service by publication is permitted, because a motion to allow service by publication is required, because service by publication cannot begin immediately upon the granting of such a motion, and because publication must occur once a week for four consecutive weeks before service is complete, *see* Ala. R. Civ. P. 4.3, removal based on the original complaint usually will occur before service by publication is complete. Only when an amended complaint (or other paper) first renders the action removable, after or contemporaneously with service by publication of a previously named defendant, should the issue present itself.